# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROMARIS BARKER (R-72114), ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 5367 |
| ) | |
| v. ) | Judge George W. Lindberg |
| ) | |
| HOWARD TODD, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Romaris Barker filed suit, *pro se*, alleging that Defendants violated his constitutional rights after he was assaulted by another inmate at the Lake County (Illinois) Jail. Presently before the Court are Defendant Howard Todd's motion for summary judgment, and Plaintiff's motion for summary judgment.[1] For the reasons stated in this order, Todd's motion is granted, and Plaintiff's motion is denied.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on

---

[1] The Court previously granted Defendants Joseph Jenkins, Megan Mercado and Julie Morris's joint motion for summary judgment. Todd is the only remaining defendant in the case.

unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, by specific factual allegations, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendant filed his motion for summary judgment, he included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain:
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b). The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld, given the importance of local rules

that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"). Although *pro se* plaintiffs are entitled to lenient standards, they are required to comply with procedural rules. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.).

Despite being given notice that his response to Defendant's motion must comply with Rule 56(e) and Local Rule 56.1, Plaintiff's response is deficient. In response to Defendant's motion, Plaintiff filed a motion for summary judgment, a memorandum in support of his motion, and a "statement of material facts." However, none of Plaintiff's proposed facts includes a reference to the affidavits, parts of the record, or other supporting materials on which Plaintiff is relying to support those facts. If Plaintiff is attempting to dispute Defendant's proposed facts with this same document, it is deficient for the same reason: contrary to Local Rule 56.1(b)(3), Plaintiff fails to support his disagreement with the proposed undisputed facts with any specific references to the affidavits, parts of the record, or other supporting materials on which he is relying to dispute those facts.

Since Plaintiff's filings are not in compliance with Rule 56.1(b)(3), Defendant's proposed undisputed facts are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B). However, because Plaintiff is proceeding *pro se*, the Court will consider the factual assertions he makes in his response, but only to the extent that he could properly testify about the matters asserted at trial – that is, only with respect to those facts within Plaintiff's personal knowledge. See Fed. R. Evid. 602.

## UNDISPUTED FACTS

On March 5, 2008, Plaintiff was a pretrial detainee in the Administrative Segregation Unit ("ASU") of the Lake County Jail ("Jail"). (Def.'s 56.1(a)(3) Statement ¶ 5.) Donovan Wheeler was also an inmate in the ASU on that day. (Id., ¶ 7.) Defendant Todd was a correctional officer assigned to work in the ASU. (Id., ¶ 6.)

In the ASU, each inmate is provided one hour out of his cell on a daily basis for activities such as recreation, showering, and phone use. (Def.'s 56.1(a)(3) Statement ¶ 8.) Only one inmate at a time is supposed to be out of his cell for his hour of out-time. (Id., ¶ 9.)

At approximately 12:40 p.m. on March 5, 2008, Plaintiff was outside of his cell for his out-time in the lower level of the ASU. (Def.'s 56.1(a)(3) Statement ¶ 10.) Wheeler was in his cell on the second floor of the ASU. (Id., ¶ 11.) At this time, Todd was the only correctional officer in the ASU. (Id., ¶ 12.)

While Plaintiff was out of his cell, Wheeler asked for toilet paper. (Def.'s 56.1(a)(3) Statement ¶ 13.) At 12:40 p.m., Todd took toilet paper upstairs to Wheeler, and attempted to pass it to him through a pass-through in the cell door . (Id., ¶¶ 14, 15.) The pass-through would not open, however, so Todd opened the door to Wheeler's cell to hand him the toilet paper. (Id., ¶¶ 15, 16.) When Todd opened the door, Wheeler slipped through the opening and ran down the stairs to the lower level of the ASU. (Id., ¶¶ 17-18.) As soon as Wheeler started down the stairs, he was out of Todd's eyesight. (Id., ¶19.) Todd immediately followed Wheeler and ran down the stairs. (Id., ¶ 20.) When Todd reached the bottom of the stairs, he observed Plaintiff and Wheeler in a fist fight. (Id., ¶¶ 21, 24.) Immediately upon seeing the fight, at 12:42 p.m.,

4

Todd called over his radio that there was a fight in the ASU. (Id., ¶ 22.)

When a fight call is made over the radio, all available staff are required to respond, and the officer making the call is to keep himself secure and safe until back-up arrives. (Def.'s 56.1(a)(3) Statement ¶ 23.) It is Jail policy that when an officer is alone and two inmates are fighting, the officer is not to intervene in the fight unless directed by command, or unless one of the inmates is likely to suffer great or serious bodily injury. (Id., ¶ 25). The Jail has defined "great or serious bodily injury" as bodily injury that creates a substantial risk of death or serious or permanent disfigurement, or that results in long-term loss or impairment of the function of any bodily member or organ. (Id., ¶ 27.) Jail officers receive training on this definition. (Id., ¶ 27.)

When Todd first observed the fight, neither inmate appeared likely to suffer life-threatening injuries or great or serious bodily injury as a result of the fight. (Def.'s 56.1(a)(3) Statement ¶ 26.) Wheeler was not kicking Plaintiff or using any weapons against him. (Id., ¶ 28.) Todd ordered Plaintiff and Wheeler to stop fighting two times. (Id., ¶ 29.) Neither Plaintiff nor Wheeler stopped fighting. (Id., ¶ 30.) Plaintiff does not remember whether Todd ordered him and Wheeler to stop fighting, but thinks he probably did so. (Id., ¶ 32.)

Pursuant to Jail policy, Todd secured himself in the sallyport until additional officers could arrive. (Def.'s 56.1(a)(3) Statement ¶ 32.) The sallyport is a secure area of the ASU that is separated from the main room where the fight was occurring, and has windows that allow an officer to observe the ASU. (Id., ¶ 32.) Once in the sallyport, Todd again called over the radio that there was fight in the ASU. (Id., ¶ 33.) While in the sallyport, Todd was able to, and did, watch Wheeler and Plaintiff as they fought. (Id., ¶ 34.) As the fight continued, it did not appear

5

to Todd that either inmate was likely to suffer life-threatening or great or serious bodily injury. (Id., ¶ 35.)

In response to the radio call, command staff arrived at the ASU. Upon their arrival, Todd opened the doors to the ASU with his key, which is typically quicker than waiting for the central command to open the doors. With the assistance of the additional officers, the fight was broken up and an all-clear was given at 12:45 p.m. (Def.'s 56.1(a)(3) Statement ¶¶ 36-38.) At the longest, the fight lasted five minutes. (Id., ¶ 42.)

After the fight, Plaintiff was taken for a medical examination and treatment. (Def.'s 56.1(a)(3) Statement ¶ 39.) In the fight, Plaintiff fractured his hand, and he sustained injuries to his nose, shoulder, and knee. (Id., ¶ 40.) All of his injuries have healed, except that his knee occasionally "pops" and his hand occasionally gets a little stiff. (Id., ¶ 41.)

Prior to the fight, there were no interactions or incidents between Plaintiff and Wheeler. (Def.'s 56.1(a)(3) Statement ¶ 43.) Plaintiff did not know Wheeler and was not aware of any threats from Wheeler. (Id., ¶¶ 44-45.) Plaintiff never notified a correctional officer of threats from Wheeler. (Id., ¶ 46.) There were no classification alerts or orders to keep Plaintiff and Wheeler separated. (Id., ¶ 50.) Todd was not aware of any threats, incidents, confrontations, issues or disagreements involving Plaintiff and Wheeler. (Id., ¶ 47.) Todd had no reason to suspect that Wheeler would push past him when the cell door was opened to hand him the toilet paper. (Id., ¶ 48.)

## ANALYSIS

Jail officials have a duty to protect pretrial detainees and inmates from violence by other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1988); *Grieveson v. Anderson*, 538 F.3d

763, 775 (7th Cir. 2008); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To succeed on a claim based on a correctional officer's failure to protect an inmate, Plaintiff must demonstrate that the correctional officer was deliberately indifferent to the fact that Plaintiff was in serious risk of being harmed. *See Grieveson*, 538 F.3d at 775; *Pinkston*, 440 F.3d at 889. Conduct by the correctional officer that is simply negligent or inadvertent is not sufficient. Instead, the correctional officer must know of a substantial risk of serious harm and he must fail to take reasonable measures to prevent that harm from occurring. *See Pinkston*, 440 F.3d at 889; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

Thus, Plaintiff must demonstrate that Todd was deliberately indifferent to the fact that Plaintiff was in serious risk of being harmed. *See Grieveson*, 538 F.3d at 775; *Pinkston*, 440 F.3d at 889. Todd must have known of a substantial risk of serious harm to Plaintiff, and he must have failed to take reasonable measures to prevent that harm from occurring. *See Pinkston*, 440 F.3d at 889.

Plaintiff has not demonstrated that Todd knew of a substantial risk of serious harm to Plaintiff by Wheeler. Prior to the fight, there were no interactions or incidents between Plaintiff and Wheeler. Plaintiff did not know Wheeler, and was not aware of any threats from Wheeler. Plaintiff never notified a correctional officer of threats from Wheeler. There were no classification alerts or orders to keep Plaintiff and Wheeler separated and Todd was not aware of any threats, incidents, confrontations, issues or disagreements involving Plaintiff and Wheeler. Furthermore, Todd had no reason to suspect that Wheeler would push past him when the cell door was opened to hand him the toilet paper.

In his response, Plaintiff argues that the mere fact that he and Wheeler were in a

7

segregation unit (that is, a high security unit) was sufficient to put Todd on notice that two inmates may fight, so Todd should have known of the possible threat of a substantial risk of serious harm to him. However, the mere fact that the two inmates were in a segregation unit does not establish that Todd knew of a substantial risk of serious harm to Plaintiff by Wheeler. *See Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) ("Prisons, after all, are dangerous places often full of people who have demonstrated aggression."). Furthermore, a serious risk of harm to Plaintiff by Wheeler cannot be inferred because Plaintiff has not demonstrated there was an obvious risk of inmate attacks based on a longstanding, pervasive, well documented, or expressly noted history of such attacks at the Jail. *See Washington v. LaPorte Cty. Sheriff's Dep't*, 306 F.3d 515, 519 (7th Cir. 2002) (plaintiff did not demonstrate that actual knowledge of risk of harm could be inferred because he provided no evidence suggesting violence was a pervasive element of the jail's environment or that there was increased risk of violence due to jail policy).

Nor has Plaintiff demonstrated that Todd's response to the incident was unreasonable. Plaintiff argues that Todd's response was not reasonable because he allowed the fight to continue until back-up arrived. However, a prison official is not required to place himself at risk by breaking up a fight between inmates. *See Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007); *Peate v. McCann*, 294 F.3d 879, 883 (7th Cir. 2002).

In the instant case, as soon as Wheeler came out of his cell and went down the stairs, Todd followed him to the lower level. As soon as Todd observed the fight, he radioed for back-up. Todd ordered Plaintiff and Wheeler to stop fighting, and when they did not, he followed protocol and secured himself until back-up arrived. Todd monitored the fight while in the

8

secure area and as soon as back-up arrived, the fight was broken up. Plaintiff has not shown that these actions were unreasonable.

**CONCLUSION**

For the foregoing reasons, Defendant Todd's motion for summary judgment [52] is granted, and Plaintiff's motion for summary judgment [60] is denied. Judgment is entered in favor of Defendant Todd, and against Plaintiff. Judgment will be set forth in a separate document and entered in the civil docket. See Fed. R. Civ. P. 58(a), 79(a). The case is terminated.

Dated:   September 28, 2009

George W. Lindberg
United States District Court Judge